_____

No. 95-2090
_____

James E. Ramette, Trustee          *
of the Bankruptcy Estate of        *
Ferris J. Alexander, Sr.,          *
                                   *
                                   *   Appeal from the United States
     Appellee,                     *   District Court for the
                                   *   District of Minnesota.
     v.                            *
                                   *          [UNPUBLISHED]
Carolyn J. Alexander, Jeffrey      *
C. Alexander, Gust S. Alexander,   *
and U.S. Video, Inc.,              *
              *                    *
                                   *
     Appellants.                   *

              _____

          Submitted:   November 13, 1995

            Filed:   December 1, 1995
              _____

Before HANSEN, JOHN R. GIBSON, and MURPHY, Circuit Judges.
              _____

PER CURIAM.

     Appellants Carolyn J. Alexander, Jeffrey C. Alexander, Gust S.
Alexander and U.S. Video, Inc., appeal from a final judgment entered after
the district court[1] affirmed orders of the bankruptcy court[2] in favor of
appellee James E. Ramette, the trustee.  The judgment represented the
combined value of a promissory note and real estate property that were
fraudulently transferred to his children by Ferris J. Alexander, Sr., the
debtor, in 1989 while he

_____

     [1]The Honorable James M. Rosenbaum, United States District
Judge for the District of Minnesota.

     [2]The Honorable Nancy C. Dreher, United States Bankruptcy
Judge for the District of Minnesota.

was insolvent, but before he filed for bankruptcy.

Appellants indicate in their reply brief that they "do not appeal the findings of fact," but rather "appeal from errors of law."  They argue that the transfers are not voidable, that the Alexander appellants are not jointly and severally liable for the transfers but only liable for the value each received, that evidence of present value is lacking, and that the amount of the judgment is incorrect.

After a two day trial, the bankruptcy court issued detailed findings of fact and conclusions of law.  It found that the debtor owned and operated numerous adult movie theaters in addition to United States Video, Inc., a video rental business, in which his children were the stockholders. As a result of a federal investigation into the debtor's business affairs, he transferred to his children a note for no consideration and a $175,000 Minneapolis real estate property for nominal consideration.  The note had a face value of $1.5 million, but the bankruptcy court found its actual value to be $535,000 at the time of the transfer.  The children were aware of the investigation and contributed the value of the note to U.S. Video as additional capital.  The debtor's assets at the time of the transfers were substantially less than the $12.3 million debts he owed.  The bankruptcy court concluded that both transfers were made with the intent to hinder, delay, and defraud the debtor's creditors, and were effected for less than reasonably equivalent value, within the meaning of Minn. Stat. § 513.41.  Based on "overwhelming" evidence, it concluded that the Alexander children (except for Susan J. Omoyayi) and U.S. Video were co-conspirators with their father in the fraudulent scheme and ordered judgment for the trustee.

After carefully reviewing the record, we conclude that the bankruptcy court's findings, including those related to fraudulent transfer and valuation of property, are not clearly erroneous, and

2

its conclusions are not contrary to law.  Accordingly, we affirm the judgment in favor of the trustee without further discussion.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3